[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16393

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**April 19, 2006**
**THOMAS K. KAHN**
**CLERK**

D. C. Docket No. 03-60139-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELA MICHELE POINDEXTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 19, 2006)**

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

Appellant Angela Michele Poindexter appeals her conviction and 96-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Poindexter argues the district court (1) erred by denying her motion for judgment of acquittal; (2) erred by denying her motion to suppress evidence; and (3) committed constitutional and statutory error under *United States v. Booker*, 125 S. Ct. 738 (2005). We affirm.

## I.  ANALYSIS

A.    *Denial of Poindexter's Motion for Judgment of Acquittal*

Poindexter argues the district court erred when it found the evidence was sufficient to convict her under § 922(g)(1), and, therefore, denied her motion for judgment of acquittal. "When evaluating a sufficiency-of-the-evidence claim, we must view the evidence in the light most favorable to the government, drawing all reasonable inferences in favor of the jury's verdict." *United States v. Church*, 955 F.2d 688, 693 (11th Cir. 1992).

A defendant violates § 922(g)(1) when (1) she was a convicted felon; (2) she knowingly possessed a firearm or ammunition; and (3) such firearm or ammunition was in or affected interstate commerce. *United States v. Jernigan*, 341 F.3d 1273, 1279 (11th Cir. 2003). Under the second prong of the § 922(g)(1) analysis, the Government must show the defendant knowingly exercised either

2

"actual" or "constructive" possession over a firearm or ammunition. *See United States v. Leonard*, 138 F.3d 906, 909 (11th Cir. 1998). "To prove actual possession the evidence must show that the defendant either had physical possession of or personal dominion over the thing allegedly possessed. Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises or the vehicle in which the object is concealed." *Id.* at 909 (citations omitted).

Poindexter repeatedly asserts the Government based its case on her mere proximity to the firearms, and she argues proximity alone cannot, as a matter of law, give rise to a conviction under § 922(g)(1). This argument overlooks the Government's most damaging evidence: ATF Special Agent Patrick Kelly's testimony about Poindexter's statements to him during the search of her home. First, she admitted to Special Agent Kelly that she had possessed every firearm in the home at one time or another. Second, she told Special Agent Kelly that she and her husband were concerned about her safety at the self-storage unit where she worked. Although they knew she could not legally possess a firearm, she asserted, they nevertheless decided to place a handgun in the glove compartment of an Isuzu Rodeo. Poindexter identified the Isuzu Rodeo as belonging to her and produced the keys from her purse when requested to do so. Third, she also

3

admitted handling the gun when she moved items in and out of the Isuzu Rodeo's glove compartment, and documents belonging to her were found resting beneath the gun. The jury thus had sufficient evidence to find Poindexter knowingly exercised physical possession of or personal dominion over one or more firearms (i.e., actual possession) and/or knowingly exercised dominion or control over the vehicle in which the handgun was concealed (i.e., constructive possession). Accordingly, the district court did not err in denying her motion for judgment of acquittal.

B.     *Denial of Motion to Suppress Evidence*

Poindexter next contends the district court erred by denying her motion to suppress evidence. "We review findings of fact on a motion to suppress evidence for clear error; the district court's application of the law to those facts is subject to *de novo* review." *United States v. Tokars*, 95 F.3d 1520, 1531 (11th Cir. 1996). All facts are construed in the light most favorable to the prevailing party. *United States v. Goddard*, 312 F.3d 1360, 1362 (11th Cir. 2002).

Specifically, Poindexter argues the search warrant was not supported by probable cause because the underlying affidavit (1) did not describe conduct that was criminal in nature; (2) did not indicate Poindexter's home contained evidence of the alleged crime; (3) relied on stale information; and (4) did not establish the

4

veracity of the individuals on whose information the search warrant relied. In our Circuit, "probable cause exists if facts within the magistrate's knowledge and of which he had reasonably trustworthy information would warrant a man of reasonable caution in the belief that a crime was committed and that evidence is at the place to be searched. A magistrate's decision that probable cause exists is conclusive absent arbitrariness." *United States v. Betancourt*, 734 F.2d 750, 754 (11th Cir. 1984) (quotations and citations omitted).

After carefully reviewing the record, we conclude the search warrant affidavit sets forth ample facts—each of which is based on reasonably trustworthy information—to warrant the magistrate judge's finding of probable cause. Poindexter's arguments on this issue therefore must fail.[1]

## C. Booker *Error*

Finally, Poindexter asserts the district court erred under *Booker* by applying the Sentencing Guidelines as mandatory and enhancing Poindexter's offense level based upon facts that were not submitted to the jury. As the Government

---

[1] Poindexter also argues the district court abused its discretion when it denied her motion for an evidentiary hearing pursuant to *Franks v. Delaware*, 98 S. Ct. 2674 (1978). *See United States v. Gay*, 251 F.3d 950, 951 (11th Cir. 2001) (stating our circuit reviews the denial of an evidentiary hearing for abuse of discretion). After carefully reviewing the record, we determine the district court did not abuse its discretion when it denied Poindexter's *Franks* evidentiary hearing; thus, Poindexter's contentions on this issue lack merit.

concedes, the district court committed constitutional and statutory error under *Booker*. (Red Brief at 45). A district court's error under *Booker* is harmless beyond a reasonable doubt, however, where the district court stated it would impose the same sentence in an advisory Guidelines system. *See United States v. Robles*, 408 F.3d 1324, 1327 (11th Cir. 2005). At sentencing in this case, the district court made such a statement: "If the United States Supreme Court decides that the federal Sentencing Guidelines are unconstitutional . . . I want the minutes to note . . . that it is the court's intention to impose the exact same sentence under the statute as I have imposed here today." Thus, our precedent squarely precludes Poindexter's arguments on this issue.

## II. CONCLUSION

For the foregoing reasons, we affirm Poindexter's conviction and 96-month sentence for possessing a firearm as a convicted felon, in violation of § 922(g)(1).

AFFIRMED.